**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| David R. Alexander, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:12-cv-02615-JMC |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Carolyn W. Colvin, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court for review of the magistrate judge's Report and Recommendation ("Report") (ECF No. 16), filed November 15, 2013, regarding Plaintiff David R. Alexander's ("Plaintiff") claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). On September 12, 2012, Plaintiff filed the instant action seeking judicial review of the final decision of the Acting Commissioner of the Social Security Administration ("the Acting Commissioner") pursuant to 42 U.S.C. § 405(g). (ECF No. 1). The magistrate judge recommended that the court reverse and remand the Acting Commissioner's final decision because the magistrate judge could not conclude that the administrative law judge's ("ALJ") decision was supported by substantial evidence. (ECF No. 16 at 22).

For the reasons set forth below, the court **ACCEPTS** the magistrate judge's Report. The Acting Commissioner's final decision is **REVERSED** and **REMANDED.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The court concludes, upon its own careful review of the record, that the factual summation in the magistrate judge's Report is accurate, and the court adopts this summary as its own. However, a brief recitation of the background in this case is warranted.

1

Plaintiff filed applications for DIB and SSI on March 9, 2010[1], regarding a disability which he alleged began on May 20, 2008. (Tr. 142–56). The Acting Commissioner initially denied Plaintiff's application and denied it again upon reconsideration. (Tr. 99–100, 114–122). On October 4, 2011, Plaintiff had a hearing before an ALJ. (*See* Tr. 71–98). At the hearing, Plaintiff moved to amend his alleged onset date to January 10, 2010. (Tr. 74). However, it is unclear whether Plaintiff's motion was granted as the ALJ appears to have conducted a disability analysis based on an onset date of May 20, 2008. (*See* Tr. 17, 19, 28, 38). On November 18, 2011, the ALJ found that Plaintiff was not disabled. (Tr. 14). The ALJ determined that Plaintiff had the following severe impairments: obesity, degenerative joint disease in the right knee and bilateral shoulders, degenerative disc disease in back, and anxiety. (Tr. 19).

The ALJ concluded that Plaintiff had a residual functional capacity ("RFC") to perform light work with the following specifications:

> [Plaintiff] can lift or carry 20 pounds occasionally and 10 pounds frequently and he can stand for 2 hours out of an 8-hour workday, walk 2 hours out of an 8-hour workday and sit 6 hours out of an 8-hour workday….[Plaintiff] can never climb a rope, ladder or scaffold, but he can occasionally climb, balance, stoop, kneel, crouch or crawl. [Plaintiff] should avoid concentrated exposure to hazards….[Plaintiff] can frequently reach overhead….[Plaintiff] needs to have only occasional contact with the public.

(Tr. 24–25).

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) of the Social Security Act to obtain judicial review of the final decision of the Acting Commissioner, denying his claims for DIB and SSI. (ECF No. 1). The magistrate judge reviewed Plaintiff's case and provided the Report to the court. (ECF No. 16). In the Report, the magistrate judge found that the ALJ's discounting of Plaintiff's treating physician's opinion regarding his physical

---

[1] The Initial Disability Determination forms indicate a filing date of February 24, 2010. (Tr. 99–100).

2

limitations was not supported by substantial evidence. *Id.* at 20. For that reason, the magistrate judge also found that the ALJ's RFC determination was not adequately supported. *Id.* at 21. The Acting Commissioner filed objections to the findings of the Report[2], (ECF No. 19), to which Plaintiff replied, (ECF No. 22).

## STANDARD OF REVIEW

The magistrate judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by

---

[2] Despite Plaintiff's argument that the Acting Commissioner's objections were untimely filed and therefore should not be considered by the court, (ECF No. 22 at 1–2), the court within its discretion has reviewed the Acting Commissioner's objections.

substantial evidence. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The Acting Commissioner contends that the ALJ's discounting of Plaintiff's treating physician Dr. Landry's opinion regarding Plaintiff's physical limitations is supported by the ALJ's decision to give great weight to the opinion of consultative examiner Dr. Barnes with respect to this issue. (ECF No. 19 at 2). The Acting Commissioner argues that the ALJ's stated reason for discounting Dr. Landry's opinion on Plaintiff's physical limitations was the ALJ's disagreement with Dr. Landry's assessment of the severity and effect of Plaintiff's pain. *Id.* The Acting Commissioner further contends that the ALJ's reliance on a pain analysis was reasonable because a pain analysis was the only basis Dr. Landry relied upon in assessing Plaintiff's physical limitations. *Id.* at 2–3.

The Acting Commissioner's objections lack merit. Dr. Barnes's opinion which the ALJ gave great weight was that Plaintiff "did appear to be limited in mobility, bending, stooping, and lifting to a significant degree." (Tr. 31). Dr. Landry's opinion regarding Plaintiff's limitations was that Plaintiff could (1) lift or carry ten pounds; (2) stand or walk for a total of two hours a day and for one-half of an hour without interruption; (3) sit for six hours a day and for one hour without interruption; (4) rarely climb, balance or stoop; (5) occasionally kneel or crawl; and (6)

occasionally reach, handle, feel, push or pull.  (Tr. 32, 453–457).  The court does not find that the two doctors' opinions are inconsistent.

The ALJ stated the following regarding Dr. Landry's overall assessment of Plaintiff's functional capacity:

> I have given limited weight to this opinion and have used a partial portion in my residual functional capacity assessment.  *I agree with Dr. Landry's assessment to limitations in lifting, standing, walking, sitting and in the postural limitations.  These limitations are in accord with the evidence and the claimant's activities of daily living, all enunciated in other portions of this decision.*
>
> However, Dr. Landry's description of the severity of the pain is inconsistent with the doctor's comment that the back pain waxes and wanes (Exhibit 18F, page 11).  In addition, her records fail to disclose regular examinations with a musculoskeletal examination.  There is no range of motion sensation reflexes strength etc. on examinations.  So far, there has been no requisite finding of 11 of 18 tender points to establish fibromyalgia.  Dr. Landry's records on several occasions report a negative straight leg raise which would be inconsistent with the severity of lumbar pain set forth in his opinion.  I do not see any magnetic imaging or X-rays in his records [that] support this opinion.  As for the 2009 MRI, it is not as severe as one would expect for what he reports in the limitations (Exhibit 1F).  Activities of daily living and other reports are inconsistent with the severity of pain reported in Dr. Landry's opinion.  First, claimant denied problems with memory, was able to perform serial of threes, manage money, have three of three delayed recall, was able to do serial of sevens, easily remembered dates locations and the president promptly, pays bills using checkbook/money order, claimant's [sic] self reported that he has the unlimited ability to pay attention, and also self reported that he has no problem following written or spoken instructions (Exhibits 18F3, 13 F, 3F, 2E, and 3E).  Second, claimant's ability to attend and concentrate during the hearing is inconsistent with the severity reported by Dr. Landry.  Claimant was responsive to questions asked during the hearing and he had the ability to name medications and dosages.  Finally, claimant was reported to have no problem with the ability to concentrate (Exhibit 1E3).  The above illustrates function inconsistent with Dr. Landry's opinion that pain was of the level/limit [that would negate] the ability to perform work duties or activities of daily living.  In addition, as noted throughout this decision the claimant performs a wide array of activities of daily living inconsistent with the opinion.

(Tr. 32–33) (emphasis added).

The ALJ's explicit statement that he agreed with Dr. Landry's assessment of Plaintiff's physical limitations and that Dr. Landry's opinion accorded with the other evidence is contradictory to the ALJ's ultimate decision to discount Dr. Landry's evaluation of Plaintiff's physical limitations (as evidenced by the ALJ's RFC determination). While the Acting Commissioner contends that the second paragraph of the above quote explains the ALJ's decision to discount Dr. Landry's assessment of Plaintiff's physical limitations in lifting, standing, walking, sitting, and posture, the court disagrees. The court reads the ALJ's discussion to state that he agrees with Dr. Landry's measures for lifting, standing, walking, sitting, and posturing, but disagrees in other respects with Dr. Landry's assessments, most notably with her evaluation of Plaintiff's pain. Moreover, the court does not follow the Acting Commissioner's reasoning that the treating physician assessed Plaintiff's lifting, standing, walking, sitting, and posturing capabilities solely by evaluating Plaintiff's pain. The court finds no support for this contention in the record.

Therefore, the court finds no basis upon which to disturb the magistrate judge's analysis and adopts the several recommendations set forth in the Report.

## CONCLUSION

For the foregoing reasons, the court **ACCEPTS** the magistrate judge's Report and Recommendation (ECF No. 16). The court thereby **REVERSES** and **REMANDS** the Acting Commissioner's final decision.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Court Judge

6

February 10, 2014
Greenville, South Carolina

7