**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| Carole M. Dennison and<br>Timothy Clardy,<br><br>                  Petitioner,<br><br>IN RE:<br><br>David Alexander,<br><br>                  Plaintiff,<br>v.<br><br>Carolyn W. Colvin,<br>Commissioner of Social Security,<br><br>                  Defendant. | Civil Action No. 1:12-cv-02615-JMC<br><br><br><br><br><br><br><br>**ORDER AND OPINION** |

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The underlying action was commenced on March 9, 2010, regarding a disability alleged to have begun on May 20, 2008. (ECF No. 26 at 2.) The Acting Commissioner of Social Security ("the Commissioner") initially denied David Alexander's ("Plaintiff") application and denied it again upon reconsideration. (*Id.*) On October 4, 2011, Plaintiff had a hearing before an Administrative Law Judge ("ALJ"). At the hearing, Plaintiff moved to amend his alleged onset date to January 10, 2010. (*Id.*) However, it is unclear whether Plaintiff's motion was granted, as the ALJ appears to have conducted a disability analysis based on an onset date of May 20, 2008. (*Id.*) On November 18, 2011, the ALJ found that Plaintiff was not disabled. (*Id.*) The ALJ determined that Plaintiff had the following severe impairments: obesity, degenerative joint disease in the right knee and bilateral shoulders, degenerative disc disease in back, and anxiety.

1

(*Id*.)  The ALJ concluded that Plaintiff had a residual functional capacity ("RFC") to perform light work with the following specifications:

> [Plaintiff] can lift or carry 20 pounds occasionally and 10 pounds frequently and he can stand for 2 hours out of an 8-hour workday, walk 2 hours out of an 8-hour workday and sit 6 hours out of an 8-hour workday . . . [Plaintiff] can never climb a rope, ladder or scaffold, but he can occasionally climb, balance, stoop, kneel, crouch or crawl.  [Plaintiff] should avoid concentrated exposure to hazards . . . [Plaintiff] can frequently reach overhead . . . [Plaintiff] needs to have only occasional contact with the public.

(*Id*.)

Plaintiff commenced an action on September 12, 2012, pursuant to the Social Security Act, 42 U.S.C. § 405(g), for judicial review of the final administrative decision of the Commissioner of Social Security denying Plaintiff's claims for Social Security disability insurance benefits (DIB) and Supplemental Security Income (SSI).  (ECF No. 1.) United States Magistrate Judge Shiva V. Hodges ("Magistrate Judge") entered a Report and Recommendation ("Report") on November 15, 2013, recommending that the Commissioner's final decision be reversed and remanded to the Commissioner for further administrative action. (ECF No. 16.) The Report concluded that the ALJ did not have substantial evidence to discount Plaintiff's treating physician's opinion regarding Plaintiff's physical limitations.  (*Id*. at 20.) For that reason, the Magistrate Judge also found that the ALJ's RFC determination was not adequately supported.  (*Id*. at 21.)   The Commissioner filed objections to the findings of the Report[1], (ECF No. 19), to which Plaintiff replied.  (ECF No. 22.)

By Order and Judgment, entered February 10, 2014, this court adopted the Report, reversed the Commissioner's final decision and remanded the case to the Commissioner for

---

[1] Despite Plaintiff's argument that the Acting Commissioner's objections were untimely filed and therefore should not be considered by the court, (ECF No. 22 at 1-2), the court was within its discretion to review the Commissioner's objections.

further administrative proceedings. Plaintiff now seeks an award of reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412 ("EAJA"). (ECF No. 28.)

Plaintiff's position is twofold. First, Plaintiff asserts that he is a "prevailing party" by virtue of his success in obtaining an order of remand from the District Court under sentence four of 42 U.S.C. § 405(g). (ECF No. 28 at 2 ¶ 4) (citing *Shalala v. Schaefer*, 509 U.S. 292 (1993)). Second, Plaintiff asserts that the Commissioner's position in this case was not "substantially justified." (ECF No. 28 at 2 ¶ 5) (citing *Pierce v. Underwood*, 487 U.S. 552 (1988), *Guthrie v. Schweiker*, 718 F.2d 104 (4th Cir. 1983)). As such, Plaintiff requests an award of attorney's fees in the amount of $187.09 per hour.[2] Total court-related time in this case is 36.10 hours. Plaintiff's attorney, Carole M. Dennison, requests an award of $6,753.95 in attorney's fees plus any reasonable attorney's fees connected with future litigation over this petition pursuant to the EAJA. (ECF No. 28 at 4 ¶ 8.)

The Commissioner objects to Plaintiff's EAJA award request claiming that the Commissioner's position was substantially justified. Alternatively, the Commissioner asserts that should the court find an EAJA award is proper, the court should order that payment be made directly to Plaintiff, not his counsel, under the Treasury Offset Program. (ECF No. 32 at 1.)

For the reasons set forth below, the court **GRANTS** the motion of Petitioner Carole M. Dennison and Plaintiff David Alexander pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and **AWARDS** Plaintiff attorney's fees, as modified, in the amount of $7,102.25.

---

[2] This is the hourly rate of $125 provided in the amendment to the EAJA effective March 29, 1996, adjusted for inflation.

## II.     LEGAL STANDARD AND ANALYSIS

The EAJA allows for the prevailing party in litigation against the United States to be awarded attorney's fees and costs upon timely petition, as long as the Commissioner's position was not substantially justified and no special circumstances make such an award unjust. 28 U.S.C. § 2412(d)(1); *see Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). The Supreme Court holds that substantially justified means "justified in substance or in the main", in other words, "justified to a degree that could satisfy a reasonable person." *Pierce*, 108 U.S. at 2550 (1988).

In evaluating a request for attorney's fees and costs pursuant to the EAJA, the Commissioner bears the burden of proving that the agency's position was substantially justified, and to meet that burden, the Commissioner must establish that the agency's position has a reasonable basis in both law and fact. *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992). "In other words, favorable facts will not rescue the [Commissioner] from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts." *Id*.

The standard to be applied in determining whether the Commissioner was substantially justified for purposes of determining whether an award of attorney's fees under the EAJA is warranted is whether there was arguably substantial evidence to support the Commissioner's position, not whether there was some evidence to support the position. *Anderson v. Heckler*, 756 F.2d 1011, 1013 (4th Cir. 1984). "The government's burden of showing substantial justification is a strong one and is not met merely because the government produces 'some evidence' in support of its position." *Makinson v. Astrue*, 586 F. Supp. 2d 491, 495 (D.S.C. 2008). Where the Commissioner's position was a result of the failure to perform a certain analysis required by

4

the law and its regulations, the Commissioner's position was not substantially justified. *Etheredge v. Astrue*, C/A No. 4:08-3167-SB, 2010 WL 2926171, at *1 (D.S.C. July 23, 2010) (citing *Randolph v. Sullivan*, 738 F. Supp. 305, 306 (C.D. Ill. 1990)).

The Commissioner raises several arguments in Defendant's Response to Plaintiff's Attorney's Motion for Attorney Fees Under the Equal Access to Justice Act. (ECF No. 32.) The court will consider each argument in turn.

First, Plaintiff contends that he is the prevailing party in this action and the position taken by the Commissioner in the matter was not "substantially justified" as that term is defined by the EAJA. (ECF No. 33 at 2.) In support, Plaintiff references the Order of this court, dated February 10, 2014, adopting in full the Report of the Magistrate Judge. (ECF Nos. 16, 26.) The case was reversed and remanded because the "ALJ's explicit statement that he agreed with Dr. Landry's assessment of Plaintiff's physical limitations, and that Dr. Landry's opinion accorded with the other evidence, is contradictory to the ALJ's ultimate decision to discount Dr. Landry's evaluation of Plaintiff's physical limitations (as evidenced by the ALJ's RFC determination)" (ECF No. 26 at 6); Dr. Barnes' opinion as the consultative examiner which the ALJ gave great weight was not inconsistent with Dr. Landry's opinion; and the ALJ failed to explain why he discounted the physical limitation opinions of Dr. Landry despite his clear statement to the contrary. (*Id*. at 20.) It was ultimately determined that the ALJ's treatment of Dr. Landry's opinion was not supported by substantial evidence, nor was the RFC finding or the hypothetical question posed by the vocational expert. (*Id*. at 21.)

The Commissioner fails to carry its burden to show any substantial justification for the ALJ to adopt an RFC determination contrary to the medical report he credited. The Commissioner argued that the ALJ must have given only partial weight to Dr. Landry's opinion

5

regarding Plaintiff's functional limitation, as demonstrated by the RFC finding. However, this argument is contrary to what the ALJ expressly stated in the decision. Further, the Commissioner argued that since the ALJ disagreed with Dr. Landry's evaluation of Plaintiff's pain, the ALJ must not have adopted Dr. Landry's opinion regarding Plaintiff's functional limitations because Dr. Landry assessed Plaintiff's lifting, standing, walking, sitting, and posturing capabilities solely by evaluation of Plaintiff's pain. Yet, the court found "no support for this contention in the record." (ECF No. 26 at 6.) As Plaintiff points out, "[a]n argument that has 'no support' certainly cannot be substantially justified." (ECF No. 33 at 5.)

Furthermore, the court found that Dr. Barnes' opinion, as the consultative examiner, which the ALJ gave great weight, was not inconsistent with Dr. Landry's opinion. (ECF No. 26 at 4-5.) The Commissioner failed to carry its burden to explain how she was substantially justified to find otherwise. According to the Commissioner, "even though the government's position was not ultimately persuasive to the court, it was arguably defensible and a reasonable person could think the government's position correct even though the court ultimately disagreed." (ECF No. 32 at 4.) While this court agrees that in some instances the court could find that a position was substantially justified even though it did not ultimately prevail, in the present instance, the burden has not been met. The standard is whether there was *substantial evidence* to support the Commissioner's position, not whether there was *some evidence* to support the position. *Anderson*, 756 F.2d at 1013 (emphasis added). This court is not convinced that the Commissioner has provided substantial evidence to support its position.

Second, the Commissioner argues that this court should reduce the number of hours paid in the EAJA petition for "excess time" spent engaging in clerical tasks. These tasks include filing documents and effectuating services, including the following: filed action in federal court

6

.5; create certificate of service and served all parties .5; received green card .1; proof of service filed .2; received certified record and uploaded to server .3; filed response brief .3. (ECF No. 32 at 6.) The total clerical tasks total 1.9 hours worth of services. In support, the Commissioner cites to an unreported decision from the Western District of Virginia, *Chapman v. Astrue*, No. 2:08CV00040, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1401-02 (4th Cir. 1987)) ("It is not proper to award a full attorney rate for activities that should more effectively be performed by nonlawyers."). Additionally, "purely clerical tasks are ordinarily part of a law office's overhead and should not be compensated for at all." *Chapman*, 2009 WL 3764009, at *1. In *Chapman*, the court found that it is proper to award a reduced hourly rate under the EAJA for nonattorney time spent "on the theory that their work contributed to their supervising attorney's work product, was traditionally done and billed by attorneys, and could be done effectively by nonattorneys under supervision for a lower rate, thereby lowering overall litigation costs." 2009 WL 3764009, at *1 (quoting *Cook v. Brown*, 68 F.3d 447, 453 (Fed. Cir. 1995)).

The court is persuaded by *Chapman*, yet takes into account that Plaintiff's attorney "personally adjusted the time submitted downward to reduce any appearance of over-billing for 'clerical tasks.'" (ECF No. 33 at 7.) As such, the court will not discount the fees altogether as non-recoverable clerical tasks. However, the court will award $75 per hour as the "appropriate billing rate for nonattorney time" spent on the 1.9 hours. *Chapman*, 2009 WL 3764009, at *2.

In light of these findings, the court chooses not to award the full amount of attorney's fees as requested, totaling $6,753.95. In consideration of an appropriate billing rate for nonattorney time, I find an award of $75 per hour to be fair compensation under the circumstances. While no market rate for paralegal time has been shown, it appropriately

7

represents only a portion of the applicable attorney rate. *See Alexander S. v. Boyd*, 113 F.3d 1373, 1377 n. 1 (4th Cir. 1997) (paralegal services compensated at $65 per hour where lead counsel compensated at $225 per hour and associate counsel at $100 per hour). As such, the total will be reduced to $6,540.98.[3] However, Plaintiff also seeks an additional fee of $561.27 for time expended defending the petition for EAJA fees. (3 hours reviewing the Commissioner's response and researching, preparing, and filing this reply in connection with the EAJA petition.) (ECF No. 33 at 7.) The court grants the additional fees, thus bringing the total amount to $7,102.25.

Lastly, the Commissioner argues that should the court award EAJA fees, they belong to Plaintiff and are subject to offset under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B) (2006). In support, the Commissioner cites *Astrue v. Ratliff*, which provides that 31 U.S.C. § 3716 "subjects to offset all 'funds payable by the United States,' § 3701(a)(1), to an individual who owes certain delinquent federal debts, *see* § 3701(b), unless, *e.g.*, payment is exempted by statute or regulation. *See, e.g.*, § 3716(e)(2)." 560 U.S. 586, 586 (2010). In the present case, Plaintiff makes no response as to the Commissioner's § 3716 argument and provides no statute or regulation that exempts payment. The court agrees with the Commissioner's interpretation of the law. Therefore, the EAJA fees will be awarded to Plaintiff, and not Plaintiff's attorney. Accordingly, the award will be paid by check made out to Plaintiff but delivered to Plaintiff's attorney. If, after receiving the EAJA award, the Commissioner (1) determines that Plaintiff has assigned his right to the EAJA fees to his attorney, (2) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (3) agrees to waive the

---

[3] 34.2 hours of attorney time at a rate of $187.09 per hour and 1.9 hours of nonattorney time at $75.00 per hour.

requirements of the Anti-Assignment Act, then the EAJA fees are to be made payable to Plaintiff's attorney.

### III.     CONCLUSION

For the foregoing reasons, the court **GRANTS** the motion of Petitioner Carole M. Dennison and Plaintiff David Alexander pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and **AWARDS** Plaintiff attorney's fees, as modified, in the amount of $7,102.25. (ECF No. 28.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 24, 2015
Columbia, South Carolina